IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

TIFFANI WICKEL                        §
                                      §
     *Plaintiff*,                     §
                                      §
                                      §
v.                                    §        Civil Action No. 2:17-CV-452
                                      §
AMERICAN HONDA MOTOR CO., INC.        §
AND HONDA MOTOR CO., LTD.             §
                                      §
     *Defendants*.                    §

**AMERICAN HONDA MOTOR CO., INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT**

TO UNITED STATES DISTRICT JUDGE:

NOW COMES Defendant American Honda Motor Co., Inc. ("AHM") and submits its

Answer to Plaintiff's Complaint. In support of this Answer, AHM shows as follows:

**AHM'S ANSWER**

**I.     AHM'S Response to Plaintiff's Allegations of Parties**

1.      AHM is without knowledge or information sufficient to form a belief as to the

truth of the averments as set forth in Paragraph 1 of Plaintiff's Complaint and, therefore, denies

these allegations in their entirety.

2.      AHM admits that it is a corporation headquartered in California and that it does

business in Texas.

3.      Paragraph 3 of Plaintiff's Complaint is directed to a defendant other than AHM

and, thus, no response is required.  To the extent a response is construed to be required, AHM

admits that Honda Motor Co., Ltd. is a Japanese corporation with its headquarters in Japan.

1

148988

## II.    AHM's Response to Plaintiff's Allegations of Jurisdiction

4.      Paragraph 4 of Plaintiff's Complaint is a legal conclusion for which no response is required.

5.      AHM is without knowledge or information sufficient to form a belief as to the truth of the averments as set forth in Paragraph 5 of Plaintiff's Complaint and, therefore, denies these allegations in their entirety.

## III.    AHM's Response to Plaintiff's Allegations of Facts

6.      AHM is without knowledge or information sufficient to form a belief as to the truth of the averments as set forth in Paragraph 6 of Plaintiff's Complaint and, therefore, denies these allegations in their entirety. AHM states that based on the VIN provided by Plaintiff, AHM denies the vehicle at issue is a 2016 Honda Fit as alleged. AHM admits that based on the VIN provided by Plaintiff, the subject vehicle is a 2016 Honda HR-V. [NOTE P SAYS ACCIDENT OCCURRED IN 2061!]

7.      With respect to Paragraph 7 of Plaintiff's Complaint, AHM admits only that it was involved in certain stages of marketing and distributing the subject vehicle.

8.      With respect to Paragraph 8 of Plaintiff's Complaint, AHM admits only that it was involved in certain stages of marketing and distributing the subject vehicle.

9.      With respect to Paragraph 9 of Plaintiff's Complaint, AHM admits only that it was involved in certain stages of marketing and distributing the subject vehicle.

2

4597716

10. AHM is without knowledge or information sufficient to form a belief as to the truth of the averments as set forth in Paragraph 10 of Plaintiff's Complaint and, therefore, denies these allegations in their entirety.

11. AHM is without knowledge or information sufficient to form a belief as to the truth of the averments as set forth in Paragraph 11 of Plaintiff's Complaint and, therefore, denies these allegations in their entirety.

12. AHM is without knowledge or information sufficient to form a belief as to the truth of the averments as set forth in Paragraph 12 of Plaintiff's Complaint as to whether the Plaintiff was properly seated and belted and, therefore, denies these allegations in their entirety. AHM denies the remaining allegations in Paragraph 12 of Plaintiff's Complaint.

13. Paragraph 13 of Plaintiff's Complaint contains no allegations of fact regarding the subject incident and, thus, no response is required.

14. Paragraph 14 of Plaintiff's Complaint contains no allegations of fact regarding the subject incident and, thus, no response is required.

15. Paragraph 15 of Plaintiff's Complaint contains no allegations of fact regarding the subject incident and, thus, no response is required.

16. Paragraph 16 of Plaintiff's Complaint contains no allegations of fact regarding the subject incident and, thus, no response is required.

17. Paragraph 17 of Plaintiff's Complaint contains no allegations of fact regarding the subject incident and, thus, no response is required. Further, Plaintiff does not identify the vehicle manufacturers to whom she refers.

3

4597716

18.    Paragraph 18 of Plaintiff's Complaint contains no allegations of fact regarding the subject incident and, thus, no response is required.  Further, Plaintiff does not identify the vehicle manufacturers to whom she refers.

19.    Paragraph 19 of Plaintiff's Complaint contains no allegations of fact regarding the subject incident and, thus, no response is required.  Further, Plaintiff refers to statements from entities other than AHM.

20.    Paragraph 20 of Plaintiff's Complaint contains no allegations of fact regarding the subject incident and, thus, no response is required.  Further, Plaintiff refers to statements from entities other than AHM

21.    Paragraph 21 of Plaintiff's Complaint contains no allegations of fact regarding the subject incident and, thus, no response is required.  Further, Plaintiff refers to statements from entities other than AHM.

22.    Paragraph 22 of Plaintiff's Complaint contains no allegations of fact regarding the subject incident and, thus, no response is required.

23.    Paragraph 23 of Plaintiff's Complaint contains no allegations of fact regarding the subject incident and, thus, no response is required. Further, Plaintiff does not identify the vehicle manufacturers to whom she refers.

24.    Paragraph 24 of Plaintiff's Complaint contains no allegations of fact regarding the subject incident and, thus, no response is required. Further, Plaintiff does not identify the vehicle manufacturers to whom she refers.

25.    Paragraph 25 of Plaintiff's Complaint contains no allegations of fact regarding the subject incident and, thus, no response is required.

4

4597716

26.    Paragraph 26 of Plaintiff's Complaint contains no allegations of fact regarding the subject incident and, thus, no response is required.

27.    AHM denies the allegations in Paragraph 27 of Plaintiff's Complaint.

28.    Paragraph 28 of Plaintiff's Complaint contains no allegations of fact regarding the subject incident and, thus, no response is required. Further, Plaintiff refers to statements from entities other than AHM.

29.    Paragraph 29 of Plaintiff's Complaint contains no allegations of fact regarding the subject incident and, thus, no response is required.   Further, Plaintiff refers to statements from entities other than AHM.

30.    Paragraph 30 of Plaintiff's Complaint is a legal conclusion for which no response is required.  To the extent a response is deemed to be required, AHM denies the allegations in Paragraph 30.

### IV.    AHM's Response to Plaintiff's Alleged Cause(s) of Action

31.    With respect to Paragraph 31 of Plaintiff's Complaint, AHM admits that it is generally foreseeable that accidents or incidents involving its vehicles take place on occasion. However, AHM denies any suggestion or inference that the underlying accident in this case was foreseeable.

32.    AHM denies the allegations in Paragraph 32 of Plaintiff's Complaint.

33.    With respect to Paragraph 33 of Plaintiff's Complaint, AHM admits only that it was involved in certain stages of marketing and distributing the subject vehicle.

34.    AHM denies the allegations in Paragraph 34 of Plaintiff's Complaint.

35.    AHM denies the allegations in Paragraph 35 of Plaintiff's Complaint.

4597716

36.    AHM denies the allegations in Paragraph 36 of Plaintiff's Complaint, including subparts (a)-(q).

37.    AHM denies the allegations in Paragraph 37 of Plaintiff's Complaint.

38.    AHM denies the allegations in Paragraph 38 of Plaintiff's Complaint.

39.    Paragraph 39 of Plaintiff's Complaint contains no allegations of fact regarding the subject incident and, thus, no response is required.

40.    Paragraph 40 of Plaintiff's Complaint contains no allegations of fact regarding the subject incident and, thus, no response is required.

41.    Paragraph 41 of Plaintiff's Complaint contains no allegations of fact regarding the subject incident and, thus, no response is required.

42.    Paragraph 42 of Plaintiff's Complaint contains no allegations of fact regarding the subject incident and, thus, no response is required.

43.    Paragraph 43 of Plaintiff's Complaint contains no allegations of fact regarding the subject incident and, thus, no response is required.

44.    With respect to Paragraph 44 of Plaintiff's Complaint, Plaintiff does not identify the supposed "advanced safety features" to which she refers and, thus, AHM can neither admit nor deny the allegations in this paragraph.

45.    Paragraph 45 of Plaintiff's Complaint contains no allegations of fact regarding the subject incident and, thus, no response is required.

46.    Paragraph 46 of Plaintiff's Complaint contains no allegations of fact regarding the subject incident and, thus, no response is required.

47.    AHM denies the allegations in Paragraph 47 of Plaintiff's Complaint.

4597716

48.    Paragraph 48 of Plaintiff's Complaint contains no allegations of fact regarding the subject incident and, thus, no response is required.

49.    Paragraph 49 of Plaintiff's Complaint contains no allegations of fact regarding the subject incident and, thus, no response is required.

50.    AHM denies the allegations in Paragraph 50 of Plaintiff's Complaint.

**V.    AHM's Response to Plaintiff's Allegations of Damages**

51.    AHM denies that Plaintiff was damaged as a result of AHM's alleged acts and/or omissions.  AHM is without knowledge or information sufficient to form a belief as to the truth of the remaining averments as set forth in Paragraph 51 of Plaintiff's Complaint and, therefore, denies these allegations in their entirety.

52.    AHM denies that Plaintiff was damaged as a result of AHM's alleged acts and/or omissions.  AHM is without knowledge or information sufficient to form a belief as to the truth of the remaining averments as set forth in Paragraph 52 of Plaintiff's Complaint and, therefore, denies these allegations in their entirety.

53.    AHM denies that Plaintiff was damaged as a result of AHM's alleged acts and/or omissions.  AHM is without knowledge or information sufficient to form a belief as to the truth of the remaining averments as set forth in Paragraph 53 of Plaintiff's Complaint and, therefore, denies these allegations in their entirety.

54.    AHM denies the allegations in Paragraph 54 of Plaintiff's Complaint.

**VI.    AHM's Response to Plaintiff's Prayer**

55.    AHM denies that Plaintiff is entitled to any recovery from AHM by way of this action, and specifically denies that Plaintiff is entitled to the relief sought in her Prayer, including in Paragraph 55 and subparts (a) through (d).

4597716

## AHM'S AFFIRMATIVE DEFENSES

### FIRST DEFENSE

As a separate and alternative affirmative defense, AHM pleads its entitlement to have the jury consider the percentage of fault of all claimants, responsible third parties, and settling persons as required by TEXAS CIVIL PRACTICE & REMEDIES CODE § 33.001 *et seq.* In accordance with this section, AHM may not be held jointly and severally liable for any amount of damages herein, *unless* the percentage of responsibility of each defendant, when compared with that of each responsible third party and each settling party is greater than fifty-percent (50%). TEXAS CIVIL PRACTICE & REMEDIES CODE § 33.001 *et seq.*

### SECOND DEFENSE

As a separate and alternative affirmative defense, if Plaintiff was injured and damaged as alleged, which is specifically denied, then any recovery she may have against AHM for such injuries must be proportionately reduced in accordance with the fault of Plaintiff or of third persons or parties over whose conduct AHM had no control, consistent with the principles of comparative fault in force in this jurisdiction.

### THIRD DEFENSE

As a separate and alternative affirmative defense, AHM maintains that Plaintiff's claims are subject to the restrictions found in TEXAS CIVIL PRACTICE & REMEDIES CODE § 82.001 *et seq.*

### FOURTH DEFENSE

As a separate and alternative affirmative defense, AHM maintains that Plaintiff's claims for medical expense damages are subject to the restrictions found in TEXAS CIVIL PRACTICE & REMEDIES CODE § 41.0105 *et seq.*

4597716

## FIFTH DEFENSE

As a separate and alternative affirmative defense, AHM is entitled to all available credits and/or offsets provided by the TEXAS CIVIL PRACTICE & REMEDIES CODE and under Texas law and/or any other applicable law and/or statute.

## SIXTH DEFENSE

As a separate and alternative affirmative defense, in the event Plaintiff settles with any party who may be responsible, in whole or in part, for any of the alleged injuries and/or damages, AHM pleads its entitlement to have such person designated as a settling person under TEXAS CIVIL PRACTICE & REMEDIES CODE § 33.003.

## SEVENTH DEFENSE

As a separate and alternative affirmative defense, in the event Plaintiff files a non-suit or dismisses any party, whether a plaintiff or defendant, who may be responsible in whole or in part for any of the alleged injuries and/or damages, AHM pleads its entitlement to join and to file cross-claims for contribution against such dismissed party and/or to designate such party as a responsible third party under TEXAS CIVIL PRACTICE & REMEDIES CODE § 33.004.

## EIGHTH DEFENSE

As a separate and alternative affirmative defense, AHM maintains the subject vehicle complied with all applicable federal requirements and regulations.  Pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE § 82.008, the vehicle met all applicable federal requirements and regulations and is, therefore, presumed to be non-defective as a matter of law.

## NINTH DEFENSE

As a separate and alternative affirmative defense, Plaintiff's Complaint read in whole or in part, fails to state a claim or cause of action against AHM upon which relief may be granted.

4597716

## TENTH DEFENSE

As a separate and alternative affirmative defense, AHM maintains that Plaintiff's claim for damages is subject to the restrictions found in TEXAS CIVIL PRACTICE & REMEDIES CODE § 18.091.

## ELEVENTH DEFENSE

As a separate and alternative affirmative defense, AHM reserves the right to further amend this answer, subject to obtaining leave of this Court, at such time as discovery and investigation have been completed.

## TWELFTH DEFENSE

As a separate and alternative affirmative defense, AHM states that the acts and damages alleged in Plaintiff's Complaint, which damages are specifically denied, were the proximate result of acts and/or omissions of third parties, thereby barring recovery by Plaintiff.

## THIRTEENTH DEFENSE

As a separate and alternative affirmative defense, AHM states that Plaintiff may have been negligent in failing and neglecting to exercise that degree of care that would have been used by an ordinary, reasonable, and prudent person under the same or similar circumstances, and this negligence was the proximate cause and/or sole cause of Plaintiff's alleged damages, which damages are specifically denied.

## FOURTEENTH DEFENSE

As a separate and alternative affirmative defense, AHM states the damages to Plaintiff, which are specifically denied, were the proximate result of an independent, intervening, or superseding causal force, thereby barring recovery herein.

10

4597716

### FIFTEENTH DEFENSE

As a separate and alternative affirmative defense, AHM states that Plaintiff herein suffered no damages as a result of AHM's acts, if any.

### SIXTEENTH DEFENSE

As a separate and alternative affirmative defense, AHM states that Plaintiff may have failed to mitigate those damages requested in Plaintiff's Complaint, which damages AHM specifically denies.

### SEVENTEENTH DEFENSE

As a separate and alternative affirmative defense, Plaintiff's Complaint may be barred by release, waiver, estoppel, immunity granted by operation of law, statute of limitations, statute of repose, and/or laches.

### JURY DEMAND

Pursuant to Federal Rules of Civil Procedure 38 and 39, AHM hereby requests a trial by jury on all issues of fact.

### AHM'S PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant American Honda Motor Co., Inc. respectfully prays Plaintiff has and recovers nothing of and from AHM and that AHM recover all costs. AHM further respectfully prays for such further relief to which it may show itself justly entitled either in law or equity.

11

4597716

Respectfully submitted,

GERMER BEAMAN & BROWN, PLLC
301 Congress Avenue, Suite 1700
Austin, Texas  78701
(512) 472-0288 Telephone
(512) 482-3520 Facsimile


By: ___*/s/ Jeffrey S. Hawkins*_____
      Jeffrey S. Hawkins
      State Bar No. 09249100
      jhawkins@germer-austin.com


**ATTORNEYS FOR DEFENDANT,
AMERICAN HONDA MOTOR CO., INC.**

12

4597716

## CERTIFICATE OF SERVICE

I certify that on the 12th day of June, 2017, I submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case files system of the Court.  I hereby certify that I have served all counsel of record in the manner authorized by Federal Rule of Civil Procedure 5(b)(2):

E. Todd Tracy (Lead Counsel)
Stewart D. Matthews
Andrew G. Counts
The TRACY Firm
4701 Bengal Street
Dallas, Texas 75235
*Attorneys for Plaintiff*

/s/Jeffrey S. Hawkins
Jeffrey S. Hawkins

13

4597716